UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DONNA WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-00117-LEW |
| | ) | |
| CALAIS REGIONAL HOSPITAL, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT CALAIS REGIONAL HOSPITAL'S
MOTION FOR SUMMARY JUDGMENT**

In this removed[1] action, the Plaintiff, Donna Webb, alleges the Defendant, Calais Regional Hospital, retaliated against her in violation of the Maine Human Rights Act ("MHRA") for engaging in activity protected under the Maine Whistleblower Protection Act ("MWPA").[2] Compl. (ECF No. 4-1). Defendant moves for summary judgment on Plaintiff's single claim, asserting that Plaintiff's claim under the Whistleblower Protection Act is preempted by the Labor Management Relations Act. Mot. Summ. J., 16 (ECF No. 27, #117). For the reasons discussed below, Defendant's motion is **GRANTED**.

---

[1] Although Plaintiff's solitary claim is based on state law and the parties do not have diverse citizenship, Defendant removed the action based on federal preemption, pursuant to 29 U.S.C. § 185, and Plaintiff did not object. Based on the discussion of the merits of Defendant's preemption defense, I conclude that federal question jurisdiction exists in this case based on complete federal preemption of Plaintiff's whistleblower claim. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 406 n.5 (1988); *Warner v. Atkinson Freight Lines Corp.*, 350 F. Supp. 2d 108, 118 (D. Me. 2004).

[2] As emphasized by Defendant, Plaintiff erroneously cited 5 M.R.S. § 45712(1)(A) as the basis for her Whistleblower claim. In her reply to the Hospital's motion, Plaintiff asserts: "The title of the count in the complaint specifically states that the claim is based upon retaliation 'for engaging in protected activity under the Maine Whistleblowers' Protection Act.' A paragraph in the pleading does mistakenly reference 5 M.R.S.A. § 4572(1)(A). That is simply a mistake. The case was brought under the WPA, and it has always been prosecuted in that manner." Pl.'s Resp., 9 (ECF No. 41, # 482).

1

**SUMMARY JUDGMENT FACTS**

The following statement recites the facts in the light most favorable to the party opposing the entry of summary judgment, Plaintiff Donna Webb. D. Me. Loc. R. 56; *Boudreau v. Lussier*, 901 F.3d 65, 69 (1st Cir. 2018).

Ms. Webb worked for Defendant Calais Regional Hospital as a nurse assigned to the obstetrics unit. Def.'s Statement of Material Facts ("DSMF") ¶ 1 (ECF No. 28, #125). During the period relevant to this complaint, Ms. Webb was a member of the Maine State Nurses Association, Local Unit #116. DSMF ¶ 2. As a function of her membership in the Nurses Association, her employment was subject to a collective bargaining agreement ("CBA").[3] DSMF ¶ 2; DSMF Ex. 1A (ECF No. 28-3); Loman Decl. Ex. 2 (ECF No. 44-2). In relevant part, the CBA prohibited discrimination, DSMF Ex. 1A, 7, governed the process of resignation, *id.* at 11, outlined a grievance procedure by which employees were to dispute "the interpretation or application of any provision of the [CBA]," *id.* at 27, required arbitration in the case that "no satisfactory settlement is reached" through the grievance process, *id.* at 29, and established discipline and discharge procedures, *id.* at 44.

On September 28, 2014, Plaintiff participated in the delivery of a stillborn baby. Lohman Decl., Ex. H (ECF No. 28-9, #226). On October 7, 2014 the hospital organized a

---

[3] Plaintiff contests this fact on the ground that "[t]he collective bargaining agreement ("CBA") submitted by Calais Regional Hospital ("CRH") did not take effect until October 15, 2015." Pl.'s Opp. ¶ 2 (ECF No. 39, #430). Therefore, Plaintiff argues, this CBA does not support the Hospital's assertion that Plaintiff's "employment was subject to a collective bargaining agreement." *Id.* However, as the Hospital argues, the submitted CBA came into effect nine months before Ms. Webb's resignation. Def.'s Reply, 2 (ECF No. 43, #506). Furthermore, in response to Plaintiff's arguments, the Hospital has submitted an authenticated copy of the previous CBA. *See* Loman Decl. Ex. 2 (ECF No. 44-2). The record is clear: at all times relevant to the complaint, Plaintiff's employment was subject to a collective bargaining agreement.

"Root Cause Analysis" meeting in which hospital administrators and caregivers involved with the stillbirth discussed the incident and formulated preventative measures. DSMF ¶ 69. Following the meeting, the Hospital's representatives made the determination to terminate Webb. PSMF ¶ 63. However, the Hospital decided to hold off on terminating Plaintiff and, instead, placed her on administrative leave, effective October 8, 2014. PSMF ¶ 66. This administrative leave continued until June 29, 2016, at which time Ms. Webb was placed on suspension without pay while the Hospital "contemplat[ed] her discharge from employment" due to Ms. Webb's role in the "fetal demise of a patient under [her] care" at the Hospital. DSMF ¶ 89. On July 13, 2016, Ms. Webb met with representatives from the Hospital as well as union representatives to discuss her termination. DSMF ¶ 91. During this meeting, a union representative, Todd Ricker, requested that Ms. Webb be allowed to resign instead of being fired. DSMF ¶ 91. The Hospital's representatives agreed and Ms. Webb immediately resigned from her position. DSMF ¶ 93.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As cautioned by the Supreme Court, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A material fact is one that has the potential to determine the outcome of the litigation. *Id.* at 248; *Oahn Nguyen Chung v. StudentCity.com, Inc.*, 854 F.3d 97, 101 (1st Cir. 2017). To

raise a genuine issue of material fact, the party opposing the summary judgment motion must demonstrate that the record contains evidence that would permit the finder of fact to resolve the material issues in her favor. *See Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) ("Unless the party opposing a motion for summary judgment can identify a genuine issue as to a material fact, the motion may end the case.").

Overlooking Plaintiff's erroneous reference to a cause of action arising under 5 M.R.S.A. § 4572(1)(A), I address the Hospital's argument that any claim asserted by a union member under the Maine Whistleblower Protection Act is preempted by the Labor Management Relations Act.[4] Mot. Summ. J., 16. As stated by the First Circuit, "[c]ertain aspects of federal labor law have long been construed to preempt the field – they not only provide for federal jurisdiction over contract disputes but also prohibit certain state law actions in the same subject area." *Lydon v. Bos. Sand & Gravel Co.*, 175 F.3d 6, 10 (1st Cir. 1999). In particular, Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185(a),[5] preempts state-law claims "whenever resolution of a plaintiff's claim is

---

[4] Plaintiff asserts the Hospital waived its right to raise this argument because it "chose not to disclose in discovery the basis for its LMRA claim." Pl.'s Resp., 9. This argument misses its mark. The basis of Plaintiff's argument is that in its answer to Plaintiff's complaint, the Hospital raised the LMRA as one of fifteen affirmative defenses. Answer, 4 (ECF No. 5, #30). In response, Plaintiff sent an interrogatory requesting the Hospital to identify "all material facts which support or tend to support each affirmative defense or denial in [the Hospital's] answer to Plaintiff's complaint." Pl.'s Resp., 9; Def.'s Reply, 1. In response, the Hospital objected to the interrogatory "on the grounds that it is vague, overly broad and unduly burdensome." Pl.'s Resp., 9; Def.'s Reply, 2. Quoting *Frechette v. Gaudette*, CRH asserts it "appropriately objected to the interrogatory" because requests (such as the one submitted by Plaintiff) which "seek 'all facts,' 'all documents,' or some similar formulation . . . [are] overbroad." 2019 WL 1509592, *3 (D. Me. April 5, 2019). I agree. In any event, this objection does not somehow waive the Hospital's right to rely on the affirmative defense it appropriately raised in its Answer.

[5] This section provides:
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, . . . may be brought

4

substantially dependent on analysis of a CBA's terms." *Id.* (citing *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)); *see also Flores-Flores v. Horizon Lines of Puerto Rico, Inc.,* 875 F. Supp. 2d 90, 93-94 (D.P.R. 2012) ("The Court has expressly extended complete preemption to state law claims 'founded directly on rights created by collective-bargaining agreements' or 'substantially dependent on analysis of a collective-bargaining agreement.' . . . If one of those circumstances is satisfied, '[t]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action.'" (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987))).

Under this standard, not all labor disputes asserted in the form of state-law claims are preempted. *Bishop v. Bell Atl. Corp.*, 81 F. Supp. 2d 84, 87 (D. Me. 1999) (indicating that "preemption applies only when there is a 'real interpretive dispute' of a CBA's terms" (citing *Lydon*, 175 F.3d at 10)). Certainly, as Plaintiff argues, failure to accommodate claims brought pursuant to the Maine Human Rights Act have withstood preemption arguments. *See, e.g., Adams v. N. New England Tel. Operations, L.L.C.*, No. 1:08-cv-00296-JAW, 2009 WL 2712970, at *1 (D. Me. Aug. 27, 2009). However, this court has resoundingly held that when a Plaintiff whose employment is subject to a CBA brings a claim under the Maine Whistleblowers' Protection Act, that claim is necessarily preempted by Section 301 of the Labor Management Relations Act. *Bishop*, 81 F. Supp. 2d at 88; *see also Carmichael v. Verso Paper, LLC,* 679 F. Supp. 2d 109, 136 (D. Me. 2010) ("[A]ny

---

in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

MWPA claim made by an employee working under a CBA is almost by definition intertwined with an interpretation of the CBA and therefore preempted."). As explained by Judge Brody:

> The Maine Whistleblowers' Protection Act . . . provides that it "shall not be construed to diminish or impair the rights of a person under any collective bargaining agreement." 26 M.R.S.A § 837. This provision would require the Court to interpret the CBA between [the parties] in order to ensure that the Whistleblowers' Act does not "diminish or impair the rights" of those operating under the CBA. Since the Court is not permitted to engage in such interpretation, Plaintiff's claim under the Maine Whistleblowers' Protection Act is preempted. . . . In attempting to determine whether a statute is "inconsistent" with a collective bargaining agreement, or whether it "impair[s] or diminish[es]" the rights of those operating under such agreements, the Court would be engaged in the forbidden interpretation of a CBA.

*Bishop*, 81 F. Supp. 2d at 88-89; *see also Carmichael,* 679 F. Supp. 2d at 136 (Woodcock, J. (same)).

Plaintiff's employment was subject to the terms of a CBA. By the terms of the Whistleblower Protection Act, resolution of her claim would require me to interpret the terms of the CBA. This is a task I cannot undertake.

## CONCLUSION

For the reasons discussed above, Defendant's motion (ECF No. 27) is **GRANTED**.

**SO ORDERED.**

Dated this 9th day of July, 2019

                                              /s/ Lance E. Walker
                                               U.S. DISTRICT JUDGE